IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY EUGENE HARRIS,<br><br>                    Plaintiff,<br><br>vs.<br><br>SGT. P. CHAN, et al,<br><br>                    Defendants. | Case No. 1:12-cv-00965 JLT (PC)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO KEEP COURT APPRISED OF CURRENT ADDRESSS AND FOR FAILURE TO PROSECUTE** |

   This matter was transferred to the Eastern District of California on June 14, 2012. (Doc. 4). Before the case was transferred, on June 4, 2012, Plaintiff was informed that his application to proceed in forma pauperis was deficient. (Doc. 3). He was ordered to respond to the notice within 30 days or his matter would be dismissed; he did not. (Doc. 3).

   On July 11, 2012, this Court ordered Plaintiff to show cause within 14 days why his action should not be dismissed for failure to prosecute the action and follow the Court's Order. (Doc. 7). Additionally, the Court ordered Plaintiff to pay the filing fee in full or submit a complete application to proceed in forma pauperis. (Doc. 7). However, the Court's order to show cause was returned as "undeliverable, out to medical." Oddly, Plaintiff *did* receive the Court's Order re Consent that was served approximately three weeks later on July 30, 2012, as he recently signed

and returned the Order re Consent to the Court. (Docs. 8 and 9). The Court ordered Plaintiff to show cause by September 4, 2012 why this action should not be dismissed due to his failure to prosecute this action and follow the Court's Order. (Doc. 10) However, this order was returned as "Undeliverable, Not at this Institution" on September 28, 2012. For the reasons set forth below, Plaintiff's matter is dismissed.

### I. Discussion and Analysis

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9 th Cir. 2995) (dismissal for failure to comply with local rules); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson, 779 F.2d at 1423-24; *see also* Ferdik, 963 F.2d at 1260-61; Thomspon, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See* Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The Court will not, and cannot, hold the case in abeyance because Plaintiff's fails to notify the Court of his current address.

Pursuant to Local Rule 183(b), a party appearing in propria persona such as Plaintiff is required to keep the Court apprised of his current address at all times. Specifically, Local Rule 183(b) provides:

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Nearly 75 days have elapsed since Plaintiff's mail was returned as undeliverable.

Notably, the Court alerted Plaintiff of the consequences for failure to comply with the Local Rules and the Court's orders. (Doc. 6 at 5) The Court's informational order explained Plaintiff's duty to make the Court aware of any address changes and provided a change of address form. Id. In addition, the Order warned Plaintiff that if mail directed to him is returned as undeliverable, and he does not update his address with the Court within sixty days of the mail being returned, the action will be dismissed for failure to prosecute and cited Local Rule 183(b). Id.

Thus, Plaintiff had adequate warning his matter would be dismissed if he failed to comply with the Court's order or its Local Rules. Moreover, no lesser sanction is feasible given the Court's inability to communicate with Plaintiff.

Accordingly, pursuant to Local Rule 183(b), **IT IS HEREBY ORDERED** that:

1. The action is **DISMISSED** without prejudice; and
2. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **November 16, 2012**             /s/ Jennifer L. Thurston
                                            UNITED STATES MAGISTRATE JUDGE